IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GEORGE PRESLEY, AIS # 158155,   :

    Plaintiff,   :

vs.   :   CIVIL ACTION 15-594-CG-M

COMMISSIONER JEFFERSON DUNN,   :
*et al.*,
       :
    Defendants.

<u>REPORT AND RECOMMENDATION</u>

Plaintiff, an Alabama prison inmate who is proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful review, it is the undersigned's recommendation that Plaintiff's action be transferred to the United States District Court for the Middle District of Alabama.

Plaintiff names the Alabama Department of Corrections (ADOC's) Commissioner Jefferson Dunn as the only Defendant. (Doc. 4 at 10). *See Id.* at 1 (D)(The persons listed as Defendants in Section III of the complaint form are considered Defendants). Plaintiff alleges that he is a

believer of the Native American religion, and as such, he is required to grow his hair and maintain it unshorn.  (*Id.* at 7).  Plaintiff claims his rights under RLUIPA (Religious Land Use and Institutionalized Persons Act) have been violated, in that his religious exercise has been substantially burdened by ADOC's hair policy and regulations that require his hair be maintained in a short haircut.  (*Id.* at 9).  He claims he is constantly subjected to having his hair cut according to policy and to the individual officer's preference.  (*Id.* at 8).  Plaintiff seeks, among other things, declaratory relief and an injunction requiring compliance with *Holt v. Hobbs,* 135 S.Ct. 853 (2015).[1]  (*Id.* at 13).

Venue for a § 1983 action is governed by 28 U.S.C. § 1391, which provides:

(b). . .--A civil action may be brought in—

---

[1]    The Court notes that litigation by adherents to the Native American religion challenging ADOC's hair grooming regulation is still pending. *See Knight v. Thompson*, 2012 WL 777274 (M.D. Ala. 2012), *aff'd*, 723 F.3d 1275 (11th Cir. 2013), *vacated and remanded*, 135 S.Ct. 1173 (2015) (for consideration in light of *Holt v. Hobbs*, 135 S.Ct. 853 (2015)), *aff'd with modifications*, 796 F.3d 1289 (11th Cir. 2015) (reinstating in part and suspending in part, at 797 F.3d 934 (11th Cir. 2015), the prior appellate decision), *petition for cert. filed*, (U.S. Feb. 4, 2016).

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1-3)(2015); *see New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action); *Ivory v. Warden, Governor of Ala.*, 600 F. App'x 670, 676 (11th Cir. 2015) (unpublished) (same).

In the present action, Plaintiff, who is presently incarcerated at Fountain Correctional Center in the Southern District of Alabama, is seeking relief from ADOC's policies and regulations state-wide from one Defendant, ADOC's Commissioner, who is located in the Middle District of Alabama, where the action in *Knight v. Thompson, supra*, is pending. (Doc. 4 at 10). Accordingly, it is recommended that, in the interest of justice and for the convenience of the parties, this action be transferred to

3

the United States District Court for the Middle District of Alabama where the Defendant is located.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *Roofing & Sheet Metal Services v. LaQuinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982) (The transfer decision is left to "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."); *Holton v. Florida*, No. 5:08cv52/RS-EMT, 2008 WL 1995126, at *2 (N.D. Fla. May 6, 2008) ("Such transfers may be made *sua sponte* by the district court.") (unpublished); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (notice should be given to the parties before the transfer occurs).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. Gen.LR 72(c). The

4

parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 14th day of March, 2016.


s/BERT W. MILLING,JR.
UNITED STATEES MAGSITRATE JDUGE